UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER MORGAN,

                              Plaintiff,                    6:22-cv-01035
                                                                            (AMN/ML)

v.

CITY OF UTICA

                              Defendants.

---

CITY OF UTICA,

                              Third-Party Plaintiff,

v.

GREGORY C. BROWN

                              Third-Party Defendant.

---

**APPEARANCES:**                                          **OF COUNSEL:**

**OJ PULEO ESQ**                                        **ONOFRIO J. PULEO, ESQ.**
PO Box 4343
Utica, NY 13504
Attorney for Plaintiff

**CITY OF UTICA**                                        **ZACHARY OREN, ESQ.**
1 Kennedy Plaza, 2nd Floor                          Corporation Counsel
Utica, NY 13502
Attorney for Defendant

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Presently before the Court in this 42 U.S.C. § 1983 ("Section 1983") action is an unopposed motion by the City of Utica ("Defendant" or "Third-Party Plaintiff") for default

judgment against Gregory C. Brown ("Third-Party Defendant") pursuant to Rule 55 of the Federal Rules of Civil Procedure.  Dkt. No. 41 (the "Motion").[1]  For the reasons set forth below, the Court denies the Motion and orders Third-Party Plaintiff to show cause, if any exists, why summary judgment should not be entered against it.

## II. BACKGROUND

On September 8, 2022, Christopher Morgan ("Plaintiff") commenced this action for damages in New York State Supreme Court, alleging that City of Utica police officers caused damage to his property when they used excessive force to enter therein.  Dkt. No. 1-1 at 2; Dkt. No. 18 at 3.  On October 4, 2022, Defendant removed the case to the United States District Court for the Northern District of New York[2] pursuant to 28 U.S.C. §§ 1441 and 1446.  Dkt. No. 1 at ¶ 3.  Plaintiff's claims arise under 42 U.S.C. § 1983 ("Section 1983") and Defendant identified Section 1983 as the basis for federal jurisdiction.  Dkt. No. 1 at ¶ 2; Dkt. No. 1-2 at 1.

On March 10, 2023, Defendant, as Third-Party Plaintiff, filed a Third-Party Complaint. Dkt. No. 26 (the "Complaint").  As relevant here, the Complaint alleges that on August 5, 2021, City of Utica police suspected that Third-Party Defendant had stolen a vehicle.  Dkt. No. 26 at ¶¶ 28-29.  Police located the vehicle parked and unlocked near Plaintiff's property.  Dkt. No. 26 at ¶¶ 35, 42, 44.  After obtaining a warrant several hours later, City of Utica police, including members of its "SWATT team," "made entry and cleared" Plaintiff's property and successfully recovered the vehicle key.  Dkt. No. 26 at ¶ 58; Dkt. No. 26-1 at 6.  Third-Party Defendant was not present.  Dkt. No. 26 at ¶ 58.  The Complaint alleges a single count for state law contribution against Third-Party Defendant in the event that Third-Party Plaintiff is found liable under Section

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[2] This case was reassigned to the undersigned on January 19, 2023.  Dkt. No. 19.

1983 and "pays more than its fair share." Dkt. No. 26 at ¶¶ 59-61. The Complaint asserts the Court has supplemental jurisdiction over the state law contribution claim pursuant to 28 U.S.C. § 1367. Dkt. No. 26 at ¶ 2.

A summons issued to Third-Party Defendant on March 10, 2023. Dkt. No. 28. Third-Party Defendant failed to respond. On May 31, 2023, Third-Party Plaintiff filed an affidavit requesting the Clerk of the Court enter default. Dkt. No. 37. The Clerk entered default on June 1, 2023. Dkt. No. 39. This Motion followed on June 29, 2023. Dkt. No. 41. Third-Party Plaintiff has certified that the summons, Complaint, affidavit, and Motion were all served upon Third-Party Defendant. *See* Dkt. Nos. 30, 38, 42; *see also* Dkt. Nos. 32, 33. To date, Third-Party Defendant has neither appeared in this action nor responded to any filing. *See generally* Docket Sheet.

In the Motion, Third-Party Plaintiff now seeks a judgment "rendering [Third-Party Defendant] 100% liable for the damages about which Plaintiff complains." Dkt. No. 41 at 1.

### III.    STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure "provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe,* 05-CV-7046 (LAP), 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend ... the clerk must enter the party's default.'" *Robertson,* 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id.* "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (citing Fed. R. Civ. P. 55[b][2]).

In this District, a movant's burden with regard to an unopposed motion is a modest one. To succeed, the movant need only show its entitlement to the relief requested in its motion. *See* N.D.N.Y. L.R. 7.1(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini,* 07–CV–0279 (GTS/GHL), 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (collecting cases).

IV.     DISCUSSION

Third-Party Plaintiff has not met its modest burden with respect to the unopposed Motion because the Complaint fails to state a claim upon which relief can be granted. *See, e.g., Cavallaro v. Reno*, No. 14-CV-0673 (GTS/ATB), 2015 WL 1823342 at *2 (N.D.N.Y. Apr. 21, 2015) (observing that before a default judgment can be entered "the court must determine whether plaintiff's factual allegations are sufficient to state a claim for relief"); *Keefe v. Subway of Cazenovia, LLC*, No. 09-cv-0404 (GTS/GHL), 2010 WL 2560532 at * 2 (N.D.N.Y. June 22, 2010) (same).  Courts have consistently found that contribution is not available in Section 1983 actions. *See, e.g., Crews v. County of Nassau*, 612 F. Supp. 2d 199, 208 (E.D.N.Y. 2009) ("the Court agrees with the majority of courts that have confronted the issue and found that no such claim for contribution is available for Section 1983 actions") (collecting cases); *accord Hoa v. Riley*, 78 F. Supp. 3d 1138, 1145-46 (N.D. Cal. 2015) (finding no right to contribution, nor indemnification, under Section 1983 and collecting cases).

To the extent the Complaint relies on 42 U.S.C. § 1988 ("Section 1988") as the basis for contribution in this Section 1983 action, that too fails to state a claim. *See, e.g., Hoa*, 78 F. Supp. 3d at 1153 ("Section 1988 does not allow for the importation of an express or implied right of contribution or indemnification under state law into Section 1983 suits"); *Mason v. City of New*

*York*, 949 F. Supp. 1068, 1079 (S.D.N.Y. 1996) (finding contribution through Section 1988 unavailable in a Section 1983 action and collecting cases); *Crews*, 612 F. Supp. 2d at 212 (same).

In light of this failure to state a claim, the Motion is denied.

## V.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Third-Party Plaintiff's Motion, Dkt. No. 41, is **DENIED**; and the Court further

**ORDERS** that Third-Party Plaintiff show cause, if there be any, to this Court by submission on papers as ordered herein, before the Honorable Anne M. Nardacci, United States District Court Judge at the United States Courthouse, 445 Broadway, Albany, New York, why summary judgment should not be entered against Third-Party Plaintiff pursuant to Rule 56(f) of the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that Third-Party Plaintiff's submission shall be filed on or before **March 1, 2024**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 16, 2024
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

5